| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Misty A Perry Isaacson<br>Pagter and Perry Isaacson, APLC<br>525 N Cabrillo Park Dr Ste 104<br>Santa Ana, CA 92701<br><br>714-541-6072<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE**

| In re:<br><br>Kim Cuong Thi Nguyen<br><br><br><br>Debtor(s). | CASE NO.: 6:21-bk-14386-MH<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 6:22-ap-01010-MH |
|---|---|
| Karl T. Anderson<br><br><br>Plaintiff(s)<br>Versus<br><br>Duc Tien Nguyen<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **03/11/2022.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
        **Date:**         **April 27, 2022**
        **Time:**        **02:00 PM**
        **Hearing Judge:**  **Mark D. Houle**
        **Location:**    **3420 Twelfth St., Crtrm 301, Riverside, CA 92501**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*         Page 1         **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                 **KATHLEEN J. CAMPBELL**
                                                 **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>February 9, 2022</u>

                                                 By: <u>"s/" John Craig</u>
                                                           Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                               Page 2                     **F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Karl T. Anderson | Duc Tien Nguyen<br>Cindy Thu Le<br>Duc Tien Nguyen, as co–trustee of the Nguyen and Le Living Trust, U/A Dated March 27, 2021<br>an individual; DUC TIEN NGUYEN, as co–trustee of the NGUYEN AND LE LIVING TRUST, U/A DATED MARCH 27, 2021<br>an individual; and CINDY THU LE, as co–trustee of the NGUYEN AND LE LIVING TRUST, U/A DATED MARCH 27, 2021 PD FAMILY TRUST |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A**

Misty Perry Isaacson, CA SBN 193204
**PAGTER AND PERRY ISAACSON**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, California 92701
Telephone: (714) 541-6072
Facsimile:   (714) 541-6897
Email: misty@ppilawyers.com

Attorneys for Karl T. Anderson,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>KIM CUONG THI NGUYEN,<br><br>Debtor.<br><br>KARL T. ANDERSON, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>DUC TIEN NGUYEN, an individual; DUC TIEN NGUYEN, as co-trustee of the NGUYEN AND LE LIVING TRUST, U/A DATED MARCH 27, 2021; CINDY THU LE, an individual; and CINDY THU LE, as co-trustee of the NGUYEN AND LE LIVING TRUST, U/A DATED MARCH 27, 2021PD FAMILY TRUST.<br><br>Defendants. | Case No. 6:21-bk-14386-MH<br><br>Chapter 7<br><br>Adv. No.<br><br>COMPLAINT FOR AVOIDANCE AND RECOVERY OF VOIDABLE TRANSFERS<br><br>**Status Conference**<br>Date: [TO BE SET BY SUMMONS]<br>Time:<br>Place: Courtroom 301<br>          3420 Twelfth Street<br>          Riverside, CA 92501 |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Karl T. Anderson, is the chapter 7 trustee (the "Plaintiff") for the bankruptcy estate of *Kim Cuong Thi Nguyen* (the "Debtor").  As the Trustee was not appointed until after the Debtor filed bankruptcy on August 13, 2021 (the "Petition Date"), the Trustee does not have personal knowledge of the facts alleged herein and therefore alleges those facts based on

- 1 -

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

information in the public record concerning the Debtor and the defendants, and testimony of the Debtor. As such the Trustee avers and complains, by way of this Complaint, as follows:

## JURISDICTION AND VENUE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the United States Bankruptcy Court for the Central District of California, Riverside Division (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, since the claims asserted arise under Title 11 of the United States Code or arise or relate to the chapter 7 case of the Debtor, currently pending in the Bankruptcy Court as Case No. 6:21-bk-14386-MH (the "Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect on the Estate because it asserts claims for the return of property or the recovery of the value of assets fraudulently transferred by the Debtor and affects the amount of money available for distribution to creditors of the bankruptcy estate (the "Estate").

2. The claims for relief in this Complaint constitute a core proceeding under 28 U.S.C. § 157(b)(2)(H). Regardless of whether this is a core proceeding, consent is given to the entry of final orders and judgment by the Bankruptcy Court. Defendants are notified that Fed. R. Bank. P. 7012(b) requires defendants to state whether they do or do not consent to the entry of final orders and judgment by the Bankruptcy Court.

3. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 408 and 1409 because the Bankruptcy Case is pending in this district and division. The Bankruptcy Court also has personal jurisdiction over the defendants.

## PARTIES

4. On August 13, 2021 (the "Petition Date"), the Debtor commenced this case file filing a Voluntary Petition under chapter 7 of the Bankruptcy Code.

5. Plaintiff, being duly qualified, was appointed and presently is the acting chapter 7 trustee of the Estate. Plaintiff brings this action solely in his capacity as trustee for the benefit of the Debtor's estate and its creditors. Because the Plaintiff was appointed after the occurrence of the majority of the facts alleged in this Complaint, he has no personal knowledge of such facts. Accordingly, Plaintiff alleges all such facts on information and belief based on a

PPI Law
525 N. Cabrillo Park Drive,
Suite 104
Santa Ana, CA 92701

review of documents and pleadings in this bankruptcy case and in other litigation.  To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers under California or other applicable law before the voluntary petition was filed.

6. Defendant Duc Tien Nguyen ("Nguyen"), individually and in his capacity as co-trustee of the Nguyen and Le Living Trust, U/A dated March 27, 2021 (the "Trust"), is an individual resident of the State of California and resides within the jurisdiction of this Court.  At all relevant times, Nguyen was a person for whose benefit the recoverable transfers alleged in the Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

7. Defendant Cindy Thu Le ("Le"), individually and in her capacity as co-trustee of the Trust is an individual resident of the State of California and resides within the jurisdiction of this Court.  At all relevant times, Le was a person for whose benefit the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

8. Plaintiff is informed and believes, and on that basis alleges thereon, that Nguyen is the brother of the Debtor and, therefore, is an insider of the Debtor as that term is defined in 11 U.S.C. § 101(31).

**GENERAL ALLEGATIONS**

9. On or about November 5, 1998, the Debtor and Nguyen purchased certain real property commonly known as and located at 11722 Wasco Rd., Garden Grove, CA 92641 ("Property") as joint tenants for $154,000 from Brent S. Anderson as joint tenants.  The grant deed evidencing the purchase from Brent S. Anderson to the Debtor and Nguyen was recorded in the Official Records of the County of Orange on December 29, 1998 (Document No. 19980899957).

- 3 -

10. On or about December 29, 1998, the Debtor and Nguyen encumbered the Property with a first deed of trust in the amount of $123,200 payable to GN Mortgage Corporation.

11. On or about June 24, 2017, Debtor transferred her interest in the Property to Nguyen, a married man and Le, married woman via quit claim deed, indicating that there was no documentary transfer tax as the same was a family transfer ("Transfer"). The Transfer was recorded in Official Records of the County of Orange on June 26, 2017 (Document No. 2017000262806).

12. On or about April 25, 2018 a correction of title was made, wherein Nguyen and Le transferred the Property to Cindy Thu Le and Duc Tien Nguyen, Wife and Husband as joint tenant via Grant Deed, which was recorded in the Official Records of the County of Orange on June 11, 2018.

13. On or about March 27, 2021, Nguyen and Le transferred the Property, via grant deed, to Duc Tien Nguyen and Cindy Thu Le, as co-Trustee of the Trust for zero consideration ("Trust Transfer"). The Trust Transfer was recorded in the Official Records of the County of Riverside on April 12, 2021.

14. Plaintiff is informed and believes, and on that basis alleges thereon, that neither the Debtor nor Nguyen and Le as co-Trustees of the Trust received any consideration for the Transfer of the Property and/or the Trust Transfer (collectively the "Transfers"). Each of these transfers was made with the actual intent to hinder, delay, or defraud the present and future creditors of the Debtor. As a result of these Transfers, the bankruptcy estate cannot pay the claims of its creditors in full or in amounts that it would otherwise have been able to pay.

15. Between the years of 2012 and 2016, the Debtor incurred debts totaling no less than $82,150 to Bank of America, CIR Law Offices, Capital One, Citibank, Discover, First Bank, PayPal, and Ebay.

16. On September 16, 2021 and again on October 19, 2021, the Debtor testified at her § 341(a) meeting of creditors that at the time of the Transfer the value of the Property was

- 4 -

$600,000 and that outstanding balance of the first trust deed encumbering the Property was estimated to be between $100,000 and $120,000.

17. The Transfer removed assets from the Debtor for the benefit Nguyen, Le, and/or the Trust at the expense of the Debtor's then existing creditors.

18. The fraudulent nature of the Transfers that are alleged in this Complaint could not reasonably have been discovered by these creditors before the Petition Date.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Fraudulent Transfers

### Cal. Civ. Code § 3439.04(a), 3439.07, and 3439.09(a), (c)

### 11 U.S.C. § 544(a) and (b)

### (Against Nguyen and Le individually and as co-trustees of the Trust)

19. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18 as though set forth in full.

20. Approximately 50 months prior to the Petition Date, Debtor made the Transfer to the Nguyen and Le, who further transferred the Property to themselves as Co-Trustees of the Trust (Nguyen and Le individually and as Co-Trustees of the Trust are collectively referred to as the "Defendants").

21. The Transfer was made by the Debtor with the actual intent to hinder, delay, or defraud her creditors. Specifically, the Debtor made the Transfer to or for the benefit of the Defendants at the expense of the Debtor's then existing creditors' claims. The Debtor knew that she had substantial debt owing to her then existing creditors and the Transfer reduced the amount of funds available to pay these creditors. At the time of the Transfer, the Debtor had personal debts totaling no less than $82,150 to Bank of America, CIR Law Offices, Capital One, Citibank, Discover, First Bank, PayPal, and Ebay.

22. At the time of the Transfers, the Defendants were insiders of the Debtor.

23. The Debtor did not receive reasonably equivalent value from the Defendants for the Transfer.

24. The Defendants did not receive the Transfers in good faith.

PPI Law
525 N. Cabrillo Park Drive,
Suite 104
Santa Ana, CA 92701

25. As a result of the Transfers, the Debtor's Estate and its creditors have been injured.

26. At all relevant times, the Transfers were voidable under California Civil Code §§ 3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that are allowable against the Debtor's Estate under 11 U.S.C. § 502.  These creditors include, without limitation, Bank of America, CIR Law Offices, Capital One, Citibank, Discover, First Bank, PayPal, and Ebay.

27. For the reasons described above, the fraudulent nature of these voidable transfers alleged in this claim for relief could not reasonably have been discovered by the Debtor's creditors sooner than the Petition Date.

## SECOND CLAIM FOR RELIEF

### Recovery of Avoided Conveyances or Value Thereof – 11 U.S.C. § 550

### (Against Nguyen and Le)

28. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 as though set forth in full.

29. With respect to the Transfers, Defendants were either (i) an initial transferee, (ii) a person for whose benefit the Transfers were made, or (iii) an immediate or mediate transferee.

30. To the extent that Defendants were an initial transferee of the Debtor in connection with the Transfers, or a person for whose benefit any of the Transfers were effectuated for, Plaintiff is entitled to recover the Property or its value from the Defendants pursuant to 11 U.S.C. § 550(a)(1).

31. To the extent that Defendants were a mediate or immediate transferee that received the Property derived from the Transfers, from one or more other transferees, Plaintiff is entitled to recover the or its value from Defendants pursuant to 11 U.S.C. § 550(a)(2).

### PRAYER FOR RELIEF

**WHEREFORE,** the Trustee, on behalf of the Estate, prays for judgment against Defendants as follows:

PPI Law
525 N. Cabrillo Park Drive,
Suite 104
Santa Ana, CA 92701

1.   On the First Claim for Relief for a judgment against the Defendants that avoids the Transfers;

2.   On the Second Claim for Relief for a judgment against Defendants that awards damages in an amount equal to the value of the Transfers avoided under the First Claim for Relief and/or that preserves the avoided Transfers for the benefit of the Estate;

3.   For pre- and post-judgment interest at the applicable legal rate on all damages and sums awarded to the Trustee; and

4.   For such other relief as the Court deems just and proper.

Date:  February 8, 2022                **PAGTER AND PERRY ISAACSON**

/s/ Misty Perry Isaacson
By: _____
Misty Perry Isaacson, Attorneys for Plaintiff Karl T. Anderson, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>KARL T. ANDERSON, CHAPTER 7 TRUSTEE | **DEFENDANTS**<br>DUC TIEN NGYUEN, INDIVIDUALLY AND AS<br>CO-TRUSTEE OF THE NGUYEN AND LE LIVING TRUST;<br>AND CINDY THU LE, INDIVIDUALLY AND AS<br>CO-TRUSTEE OF THE NGUYEN AND LE LIVING TRUST |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Misty Perry Isaacson<br>Pagter and Perry Isaacson<br>525 N. Cabrillo Park Drive, Suite 104<br>Santa Ana, CA 92701<br>714-541-6072 Fax: 714-541-6897<br>Email: misty@ppilawyers.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[X] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [X] Other<br>[ ] Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)<br>Complaint for Avoidance and Recovery of Voidable Transfers | |

| **NATURE OF SUIT**<br>(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) ||
|---|---|
| **FRBP 7001(1) - Recovery of Money/Property**<br>[ ] 11-Recovery of money/property - §542 turnover of property<br>[ ] 12-Recovery of money/property - §547 preference<br>[X] 13-Recovery of money/property - §548 fraudulent transfer<br>[X] 14-Recovery of money/property - other<br><br>**FRBP 7001(2) - Validity, Priority or Extent of Lien**<br>[ ] 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) - Approval of Sale of Property**<br>[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) - Objection/Revocation of Discharge**<br>[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) - Revocation of Confirmation**<br>[ ] 51-Revocation of confirmation<br><br>**FRBP 7001(6) - Dischargeability**<br>[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>[ ] 62-Dischargeability - §523(a)(2), false pretenses,<br>    false representation, actual fraud<br>[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary,<br>    embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) - Dischargeability (continued)**<br>[ ] 61-Dischargeability - §523(a)(5), domestic support<br>[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury<br>[ ] 63-Dischargeability - §523(a)(8), student loan<br>[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>    (other than domestic support)<br>[ ] 65-Dischargeability - other<br><br>**FRBP 7001(7) - Injunctive Relief**<br>[ ] 71-Injunctive relief - imposition of stay<br>[ ] 72-Injunctive relief - other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>[ ] 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>[ ] 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>[ ] 01-Determination of removed claim or cause<br><br>**Other**<br>[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*<br>[ ] 02-Other (e.g. other actions that would have been brought in state<br>    court if unrelated to bankruptcy case) |
| [X] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
| [ ] Check if a jury trial is demanded in complaint | Demand $250,000 |
| Other Relief Sought ||

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR<br>KIM CUONG THI NGUYEN | | BANKRUPTCY CASE NO.<br>6:21-bk-14386-MH |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Mark D. Houle |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Misty Perry Isaacson<br>Misty Perry Isaacson |||
| DATE<br>February 8, 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Misty Perry Isaacson ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT

## Early Meeting of Counsel and Status Conference Instructions
## Effective February 17, 2012

**1**. **Service of Order.**  A copy of this Order Re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint.  The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

**2**. **Local Bankruptcy Rule 7026-1**.  Compliance with Local Bankruptcy Rule 7026-1 ("LBR 7026-1") is required in ALL adversary proceedings.

**3**. **Rule 26(f) Meeting**.  Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f) Meeting") at least 21 days before the status conference date set forth in the summons.  **The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.**

The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone.  During the Rule 26(f) Meeting, the parties must, at a minimum:  (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and (c) develop a proposed discovery plan.  The discussion of claims and defenses must be substantive and meaningful.  The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

**4**. **Initial Disclosures**.  Rule 26(a)(1) states that a party must, without awaiting a discovery request, provide to other parties:

      a.      The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

      b.      A copy of – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

      c.      A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

      d.      For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P. 26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. F.R.Civ.P. 26(a)(1)(E).

**5**.    **Alternative Dispute Resolution ("ADR").** The parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. The specific reasons for any decision not to participate in a form of early ADR must be explained in the Joint Status Report. If the parties elect not to participate in an early ADR effort, the court may nonetheless direct the parties to ADR before trial.

**6**.    **Discovery Plan.**  At the Rule 26(f) Meeting, the parties must also discuss any issues about preserving discoverable information and develop a proposed discovery plan.  The discussion regarding discovery following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including whether the discovery will be conducted informally or formally.  The deadlines in the discovery plan must be mutually agreeable, with a view to achieving resolution of the case with a minimum of expense and delay.

**7**.    **Joint Status Report**. Not later than 7 days before the status conference/Rule 16(b) Scheduling Conference date set forth in the summons, the parties must file a Joint Status Report in a form substantively identical to LBR **Form F 7016-1.1.**  The Joint Status Report must contain the information set forth in LBR 7016-1(a)(2), and a statement that the parties have completed the Rule 26(f) Meeting and made the initial disclosures required by Rule 26(a)(1).  The Joint Status Report shall also serve as the written report of the Rule 26(f) Meeting.

**8**.    **Status Conference / Rule 16(b) Scheduling Conference.**  At the Rule 16(b) Scheduling Conference, the court will review the discovery plan set forth in the Joint Status Report and set appropriate deadlines.  The court seeks to try all adversary proceedings not later than 18 months of the filing of the complaint.  Consequently, all deadlines in the schedule, including the dispositive motion deadline, must be met within 12 to 14 months of the filing of the complaint to afford adequate time for briefing and ruling prior to the final pretrial conference and trial date.

Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all matters to be covered.

**9**.     **Default.**  If no response to the complaint is timely filed, plaintiff should request entry of default by the clerk <u>prior</u> to the status conference date set forth in the summons.  F.R.Civ.P. 55(a).  Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion.  F.R.Civ.P. 55(b)(2).

**10**.     **Sanctions.**  Failure to comply with these instructions may subject the responsible party and/or counsel to sanctions.  The failure of either party to cooperate in the preparation and filing of a Joint Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).

Mark D. Houle

United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA 92701**

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]; COMPLAINT FOR AVOIDANCE AND RECOVERY OF VOIDABLE TRANSFERS; ADVERSARY PROCEEDING COVER SHEET AND EARLY MEETING OF COUNSEL AND STATUS CONFERENCE INSTRUCTIONS EFFECTIVE FEBRUARY 17, 2012** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **02/09/2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   - **Karl T Anderson (TR)**    2edansie@gmail.com, kanderson@ecf.axosfs.com
   - **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

   ☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **02/09/2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | | |
|---|---|---|---|
| Duc Tien Nguyen<br>9829 QUAIL CT<br>GARDEN GROVE, CA<br>92841-2624<br><br>Cindy Thu Le<br>9829 QUAIL CT<br>GARDEN GROVE, CA<br>92841-2624 | Duc Tien Nguyen<br>9825 QUAIL CT<br>GARDEN GROVE, CA<br>92841-2624<br><br>Cindy Thu Le<br>9825 QUAIL CT<br>GARDEN GROVE, CA<br>92841-2624 | Duc Tien Nguyen<br>9823 QUAIL CT<br>GARDEN GROVE, CA<br>92841-2624<br><br>Cindy Thu Le<br>9823 QUAIL CT<br>GARDEN GROVE, CA<br>92841-2624 | Duc Tien Nguyen<br>11722 WASCO RD<br>GARDEN GROVE, CA<br>92841-1935<br><br>Cindy Thu Le<br>11722 WASCO RD<br>GARDEN GROVE, CA<br>92841-1935 |

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 02/09/2022 | IMELDA BYNOG | /s/ Imelda Bynog |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2016    Page 3    **F 7004-1.SUMMONS.ADV.PROC**